```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EDWARD BANKO,                          )
                                       )    Civil Action No. 06-946;
            Plaintiff                  )    Civil Action No. 06-1269
                                       )
        vs.                            )    Judge Thomas M. Hardiman/
                                       )    Magistrate Judge Lisa
MARK BROOKS, Assistant District        )    Pupo Lenihan
Attorney of Fayette County,et al;      )
                                       )    Doc. No. 14
        vs.                            )    Doc. No. 8
                                       )
JEFFREY PRODEN,                        )
            Defendants                 )
```

**REPORT AND RECOMMENDATION ON MOTION FOR RESTRAINT**

**RECOMMENDATION**

It is recommended that the motion filed by Plaintiff in both of the above cases, titled as a "Motion/Petition of Restraint and Other Subjectives To Be Honored By U.S. Order/Relief" be denied.

**REPORT**

Edward Banko ("Plaintiff") is currently incarcerated in SCI-Waymart.  He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue a whole host of defendants, in two separate lawsuits, all of whom were somehow involved in his criminal convictions and prosecutions, or, in the case of the Pennsylvania Disciplinary Board and the Judicial Conduct Board, they are defendants because they apparently failed to respond as he desired to Plaintiff's requests to them for assistance in punishing or investigating his allegations of judicial and attorney misconduct.

In Civil Action Number 06-946, the Court entered an Order dated November 2, 2006, dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted[1]. It is likely that the second complaint will be dismissed for the same reasons, however that has not occurred to date.

Plaintiff's current request is that the institution in which he is housed, is to be ordered by the court to do the following:

1. deduct payments from his prison account to pay his filing fees;

2. refrain from retaliation against Plaintiff;

3. not transfer Plaintiff;

4. not interfere with his mail;

5. not interfere with incoming or outgoing money that is his;

6. not interfere with his scheduled release date or tamper with his pre-release status;

7. not interfere with his ability to pursue his complaints in court;

8. not force Plaintiff to enroll in any additional DOC programs without court approval.

Regarding request number 1, this order has already been entered by the court when it granted Plaintiff's request for in

---

[1] Arguably this renders Plaintiff's requests moot as he is asking that SCI-Waymart be restrained from taking certain actions during the pendency of his lawsuit.

forma pauperis status and therefore is moot. Regarding requests numbered 2 and 7, these rights are protected by the United States Constitution and subject to the grievance procedures set forth by congress, can be pursued via civil actions under Title 42 United States Code § 1983. The remaining requests concern policies and procedures of the institution and the Department of Corrections, over which this court does not have jurisdiction. The only action this Court could take would be to address violations of Plaintiff's rights pursuant to Section 1983 and the Constitution. None of these have occurred.

Although Plaintiff does not ask for a temporary restraining order, that seems to be what he wants. In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits;  (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party;  and (4) whether granting the preliminary relief will be in the public interest. <u>American Civil Liberties Union v. Reno</u>, 217 F.3d 162, 172 (3d Cir. 2000), <u>vacated on other grounds and remanded sub nom</u>., <u>Ashcroft v. American Civil Liberties Union</u>, 535 U.S. 564 (2002). I this situation, nothing has actually happened to Plaintiff, nor has anything even been threatened. He is trying to preempt any possible action,

something not covered by this remedy, which is to be used sparingly and in clear cases, where no other remedy is available. That is obviously not the case here.

For the foregoing reasons, Plaintiff's motion, filed in both of the above cases, should be denied.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
U.S. Magistrate Judge

Dated: November 16, 2006

cc:   The Honorable Thomas M. Hardiman  
      United States District Judge

      Edward O. Banko, Sr.  
      FX-8855  
      SCI Waymart  
      Post Office Box 256  
      Waymart, PA 18472-0256