IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD BANKO, | ) | |
| | ) | Civil Action No. 06-1269 |
| Plaintiff | ) | |
| | ) | Judge Thomas M. Hardiman/ |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JEFFREY S. PRODEN, Esq., | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

### REPORT

Edward Banko ("Plaintiff") is currently incarcerated in SCI-Waymart. He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue Jeffrey S. Proden, his privately retained attorney who represented him in state criminal proceedings. Even accepting as true all of Plaintiff's allegations against Attorney Proden, the complaint must be dismissed for failing to state a claim because a Civil Rights action requires that the defendant act under color of state law, which is lacking in the instant case. Alternatively, the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

**A. Relevant Facts and Procedural History**

According to the complaint, Plaintiff retained Attorney Proden to represent him in two state criminal proceedings brought against Plaintiff, i.e., Nos. 850 and 856 of 2004 in the Fayette

County Court of Common Pleas.  Complaint at ¶ V.1.  According to the complaint, Attorney "Proden failed to present valuable defense information at the time of the preliminary stages in which would of [sic, should be "would have"] the defendant, Edward Banko, not guilty of all charges that were lodged against him."  Id.  The complaint further alleges that "[d]ue to Proden's incompetence and ineffectiveness as defense counsel, [he] allowed the prosecution to violate the defendant's Constitutional Civil Rights. . . ."  Id. at ¶ V.2.  Plaintiff complains that Attorney Proden failed to consolidate the two cases, and failed to explain that Plaintiff's prosecution in Nos. 850 and 856 was a mistake given that in a related case, i.e., No. 1381 of 2005, Plaintiff was allegedly given immunity to do what he was charged with doing in Nos. 850 and 856.  Hence, Attorney Proden's failure denied to Plaintiff the ability to "project the whole truth" of the matter.  "Amended Petition to the Complaint"[1] at ¶ 2.

   On September 22, 2006, Plaintiff filed a motion in this court for leave to proceed in forma pauperis (IFP).  Doc. # 1.  The Court granted Plaintiff leave to proceed IFP.

   Although Plaintiff's complaint does not specifically reference any federal law claimed to be violated by Attorney Proden, a liberal reading of the complaint permits an inference that Plaintiff is suing Attorney Proden for alleged violations of Plaintiff's federal constitutional rights.  Accordingly, the court construes Plaintiff to be bringing a claim arising under the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 (Section 1983).  Arpin v. Santa Clara Valley Transp.

---

[1] The document entitled "Amended Petition to the Complaint" is essentially an amendment to the complaint but as both the original complaint and the "Amended Petition . . ." came together in the same envelope and were signed the same date, the court will consider that these documents together form one complaint and will refer simply to "the complaint" as referencing both documents.

Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

### B. Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[2] Thus, Section 1915(e)(2) is applicable herein.

---

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See  Estelle v. Gamble, 429 U.S. 97 (1976).

---

```
probation, pretrial release, or diversionary program."   28 U.S.C.
§ 1915(h).
```

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e).  <u>See</u>, <u>e.g.</u>, <u>Lloyd v. U.S.</u>, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, <u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir.1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law.  <u>See</u>, <u>e.g.</u>, <u>Gould Electronics, Inc. v. U.S.</u>, 220 F.3d 169, 178 (3d Cir. 2000) ("In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.").

To state a claim for relief under 42 U.S.C. § 1983, the Civil Rights Act, a plaintiff must meet two threshold requirements.  He must allege: 1) that the asserted misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights,

privileges, or immunities secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42 (1988).

    **C.  Discussion**

        **1. Proden does not act under color of state law**

Plaintiff complains that Attorney Proden failed to adequately defend him during his criminal proceedings in State Court.  However, even reading Plaintiff's complaint liberally, the complaint fails to state a claim against Attorney Proden because the acts of a privately retained attorney are not acts committed under color of state law as is required to state a claim under Section 1983.  <u>See</u>, <u>e.g.</u>, <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Henderson v. Fisher</u>, 631 F.2d 1115, 1119 (3d Cir. 1980).

In <u>Polk County</u>, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous.  The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law.  <u>Id</u>. at 315.  Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." <u>Id</u>. at 325.  Likewise here, the complaint reveals liability premised only upon Defendant Proden's actions or inactions in connection with him performing a lawyer's traditional functions as counsel to the criminal

6

defendant. An attorney's failures to act, as well as his affirmative actions in the course of representing a criminal defendant fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and thus are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"), cert. denied, 507 U.S. 963 (1993). See also Williamson v. Brooks, 215 F.3d 1331 (Table), 2000 WL 431542, at *1 (7th Cir. April 21, 2000)(even allegation re overbilling and improper withdrawal as opposed to actions in connection with representation in the courtroom comes within Polk's ambit). Indeed, even accusations of malfeasance in the course of representing a criminal defendant, such as Plaintiff makes herein, are not enough to render the actions of the attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989)("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under Section 1983 against Attorney Proden, the complaint should be dismissed.[3]

---

[3] Moreover, it is not a legally significant difference that in Polk County, the attorney was a public defender and Attorney Proden is privately retained. See, e.g., Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir.

**2. <u>Heck</u> bars this suit**

In the alternative, the doctrine of <u>Heck v. Humphrey</u>, bars this suit.

Plaintiff is essentially alleging that attorney Proden was constitutionally ineffective during the course of representing Plaintiff in his state criminal proceedings.  <u>See</u> <u>e.g.</u>, Complaint, Doc. 1 at 4 - 5, ¶ 2 (accusing Proden of "[i]neffectiveness and negligence"); at ¶ 4 ("The job performance conducted by Attorney Proden allowed the Prosecution Attorney Mark Brooks, Trooper Russell, [et al.] to proceed with their overall plot to criminally conspire to convict, maliciously prosecute, the plaintiff. . .").  He claims that but for Attorney Proden's alleged ineffectiveness, he would not have been found guilty.  <u>See</u>, <u>e.g.</u>, Complaint at ¶ V.1 ("Proden failed to present valuable defense information at the time of the preliminary stages in which would of [sic, should be "would have"] proved the defendant, Edward Banko, not guilty of all charges that were lodged against him.").

 If Plaintiff were successful on his claims in the complaint that Attorney Proden was ineffective in representing Plaintiff during the state criminal proceedings, such claims would necessarily call his convictions into question.  The rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit, bars this suit until and unless Plaintiff's convictions are otherwise called into doubt.

In <u>Heck</u>, the High Court held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

---

1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).").

8

>   U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that Attorney Proden was constitutionally ineffective would necessarily render his convictions or sentences invalid, the reasoning of Heck, renders his claims non-cognizable in this civil rights action absent an invalidation of those convictions. See, e.g., Portillo v. Fisher, 115 Fed.Appx. 357 (9th Cir. 2004)(finding a claim of ineffectiveness to be barred by Heck);  Shaw v. Harris, 116 Fed.Appx. 499, 500 (5th Cir. 2004)("A decision granting Shaw injunctive or declaratory relief on her allegations of . . . ineffectiveness of counsel [or] prosecutorial misconduct . . . would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by Heck"); Reese v. Gorcyca, 55 Fed.Appx. 348, 349 (6th Cir. 2003) (finding claim of counsel's ineffectiveness at pre-trial stage was barred by Heck). This is true notwithstanding the fact, which this court takes judicial notice of,[4] that there is no conviction as of yet in No. 1381-2005 insofar as the trial has not yet occurred whereas the convictions in Nos. 850 and 856 of 2004 are final.  See, e.g., Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996)("In terms of the

---

[4]  The dockets of Fayette County Court are available online. The docket for No. 850 of 2004 is at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200016657&arch=0&ST=9/26/2006%2011:05:05%20AM

The docket for No. 856 of 2004 is at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200017269&arch=0&ST=9/26/2006%2010:58:27%20AM

The docket for No. 1381 of 2005 is at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200107156&arch=0&ST=9/26/2006%2011:07:20%20AM

conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."). Hence, the complaint must be dismissed due to Heck's bar.

For any and/or all of the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief can br granted.[5]

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: January 9, 2007

---

[5] It also appears that Plaintiff is attempting to invoke the court's supplemental jurisdiction over a state law claim for breach of contract. Complaint at p.3 ¶ 3. However, because all federal claims are being dismissed, the court should decline to exercise its supplemental jurisdiction. See, e.g., 28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all claims over which it has original jurisdiction...."

cc:    The Honorable Thomas M. Hardiman
       United States District Judge

       Edward O. Banko, Sr.
       FX-8855
       SCI Waymart
       Post Office Box 256
       Waymart, PA 18472-0256